IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JERMAINE MANLEY,** | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| **BLUESTEM BRANDS,** | § | |
| **INC. D/B/A FINGERHUT** | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

JERMAINE MANLEY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Lancaster, Texas 75134.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or around spring 2015 and continuing thereafter through in or around April 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

13. When placing calls to Plaintiff, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice before transferring the call to a live agent.

15. Defendant's phone calls derived from the following phone number: (866) 836-8987. The undersigned has confirmed that this phone number belongs to the Defendant.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

17. It was annoying, embarrassing and harassing for Plaintiff to be called on his cellular telephone with such frequency.

18. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's representatives to advise them he no longer wanted to be contacted on his cellular telephone and to stop calling in or around June or July 2015.

19. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

20. However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

21. Rather, Defendant continued to call Plaintiff on his cellular telephone,

22. Frustrated that Defendant ignored his multiple demands to stop calling, Plaintiff downloaded a blocking application to ultimately stop Defendant's incessant calls.

23. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

26. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

28. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

29. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

32. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JERMAINE MANLEY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JERMAINE MANLEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated:  June 9, 2017

*/s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, PC
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888 ext. 167
(877) 788-2864 fax
aginsburg@creditlaw.com